| | |
|---|---|
| WENDY FOOTE (AKA WENDY MILLER) and JOHN FOOTE, 5068 Sirron Court, Dunwoody, GA 30338 <br><br> Plaintiffs, <br><br> v. <br><br> KANA HOTELS, INC. c/o Alpesh Patel – Statutory Agent 308 N. Peters Road, Suite 100 Knoxville, TN 37922-2327 <br><br> and <br><br> PARK HOTELS & RESORTS, INC., aka and/or fka HILTON WORLDWIDE HOLDINGS, INC., HILTON WORLDWIDE, INC., HILTON HOTEL CORPORATION, c/o Corporation Service Company 2908 Poston Avenue Nashville, TN 37203-1312 <br><br> and <br><br> EMBASSY SUITES MANAGEMENT, LLC c/o Corporation Service Company 2908 Poston Avenue Nashville, TN 37203-1312 <br><br> and <br><br> K BREW, LLC c/o Pierce Lamacchia 3513 Luwana Road Knoxville, TN 37917-1742, <br><br> Defendants. | **COMPLAINT** <br><br> Jury Trial Demanded <br><br><br> **CIVIL ACTION NO.** <br><br> 3:23-cv-120 |

**COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs Wendy Foote and John Foote (collectively, "Plaintiffs"), by and through the undersigned counsel, and allege the following based on personal knowledge as to allegations regarding Plaintiffs and on information and belief as to all other allegations.

**Parties and Jurisdiction**

1.

Plaintiff Wendy Foote, at all relevant times, has been and continues to be a citizen of the State of Georgia, residing at 5068 Sirron Court, Dunwoody, Georgia 30338.

2.

Plaintiff John Foote, at all relevant times, has been and continues to be a citizen of the State of Georgia, residing at 5068 Sirron Court, Dunwoody, Georgia 30338.

3.

Defendant Kana Hotels, Inc. is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. At all times relevant, Defendant Kana Hotels, Inc. was and is licensed to do business in the State of Tennessee and regularly conducts business within the State of Tennessee. The acts and omissions of Defendant Kana Hotels, Inc., as alleged herein, were conducted and/or occurred in Knoxville, Tennessee at or upon real property operated and/or managed by Defendant Kana Hotels, Inc in Knoxville, Tennessee.

4.

Defendant Park Hotels & Resorts, Inc., a/k/a and/or f/k/a Hilton Worldwide Holdings, Inc., Hilton Worldwide, Inc., and/or Hilton Hotel Corporation (collectively, "Hilton") is a Delaware corporation, which regularly conducts business in the State of Tennessee, and the acts and omissions of Hilton, as alleged herein, occurred in Tennessee.

5.

Defendant Embassy Suites Management, LLC is a Delaware corporation with its principal place of business in McLean, Virginia. Defendant Embassy Suites Management, LLC's acts and omissions, as alleged herein, occurred in Tennessee. At all relevant times, Defendant Embassy Suites Management, LLC regularly conducted business in Tennessee.

6.

Defendant K Brew, LLC is a Tennessee corporation with its principal place of business in Knoxville, Tennessee. Defendant K Brew, LLC's acts and omissions, as alleged herein, occurred in Knoxville, Tennessee. At all relevant times, Defendant K Brew, LLC regularly conducted business in Knoxville, Tennessee at or near the real property where the subject incident occurred.

7.

At all times relevant hereto, Defendants Kana Hotels, Inc., Hilton and/or Embassy Suites Management, LLC either independently or jointly owned, operated, managed and/or controlled the hotel premises known as the Embassy Suites by Hilton Knoxville Downtown Hotel located at or near 507 S. Gay Street, Knoxville, Tennessee 37902 (the "Subject Premises"), including but not limited to the lobby area of the Subject Premises where the subject incident occurred.

8.

At all times relevant hereto, Defendant K Brew, LLC owned and/or operated a coffee shop located in the lobby of the Subject Premises, and conducted business at and around the specific area where the subject incident occurred.

9.

At all times relevant hereto, Defendants Kana Hotels, Inc., Hilton, Embassy Suites Management, LLC and/or K Brew, LLC, either independently or jointly, were legally responsible for inspecting and/or maintaining the lobby area of the Subject Premises where the subject incident occurred.

10.

Jurisdiction exists pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy is in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and cost.

11.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that Defendants Kana Hotels, Inc. and/or K Brew, LLC reside in this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

**Factual Allegations**

12.

During the weekend of June 24-26, 2022, Plaintiffs Wendy and John Foote were registered and paying guests, customers and/or patrons at the Subject Premises.

13.

On June 26, 2022, Plaintiffs Wendy and John Foote were walking through the lobby of the Subject Premises as guests, customers and/or patrons of the hotel.

14.

On June 26, 2022, while walking through the lobby of the Subject Premises in an area adjacent to the coffee shop owned and/or operated by Defendant K Brew, LLC, Plaintiff Wendy Foote slipped and fell on a liquid substance on the floor, sustaining significant bodily injuries.

15.

On June 26, 2022, the Subject Premises was a "Lodging Establishment," as defined by Tenn. Code. Ann. 68-14-601(5), and was open to the public.

16.

On June 26, 2022, Defendant Kana Hotels, Inc. was an Innkeeper, as defined by Tenn. Code. Ann. § 68-14-601(4).

17.

On June 26, 2022, Defendant Hilton was an Innkeeper, as defined by Tenn. Code. Ann. § 68-14-601(4).

18.

On June 26, 2022, Defendant Embassy Suites Management, LLC was an Innkeeper, as defined by Tenn. Code. Ann. § 68-14-601(4).

19.

On June 26, 2022, Defendant K Brew, LLC owned, managed and/or operated the coffee shop adjacent to the area where Plaintiff Wendy Foote was injured.

20.

On June 26, 2022, at the time of the subject incident, Plaintiffs were invitees and/or licensees of Defendants Kana Hotels, Inc., Hilton, Embassy Suites Management, LLC and/or K Brew, LLC at the Subject Premises.

21.

The lobby area at the Subject Premises where the subject incident occurred was a common area of the Subject Premises and also served as an approach to Defendant K Brew, LLC's coffee shop, which was utilized by the general public to approach, enter and exit Defendant K Brew LLC's coffee shop.

22.

The lobby area at the Subject Premises was maintained, managed, operated and/or controlled by the Defendants, independently and/or jointly.

23.

At or near the time of the subject incident, Embassy Suite's Guest Services Representative, Cedrick Holmes, investigated the subject incident and prepared an "Incident Report," which stated that "the floor was wet and had just been mopped," and that the incident occurred "next to K Brew."

24.

Shortly after the subject incident, an agent, contractor and/or representative of Defendant Kana Hotels, Inc. represented to Plaintiffs, through their counsel, that employees and/or agents of Defendant K Brew, LLC had created the wet and slippery condition by dragging leaking garbage bags across the floor in the subject area.

25.

On information and belief, employees and/or agents of Defendants Kana Hotels, Inc., Hilton, Embassy Suites Management, LLC and/or K Brew, LLC affirmatively created the wet, slippery and hazardous condition in the area where the subject incident occurred.

26.

Defendants had actual notice of the dangerous condition at the Subject Premises because some or all of the Defendants created the dangerous condition.

27.

At all times relevant hereto, Defendants had actual or constructive knowledge of the hazardous conditions existing on the premises where Plaintiff was injured, including but not limited to actual or constructive knowledge of the wet and slippery substance on the floor in the exact location where Plaintiff Wendy Foote slipped and fell.

28.

Defendants and their agents, employees and/or contractors, despite having actual or constructive knowledge of the presence of a hazardous condition, failed to clean or dry the floor surface and/or take any other action to remedy or remove the hazardous condition in the location where Plaintiff Wendy Foote was injured.

29.

The danger to invitees and licensees in the lobby of the Subject Premises was known and foreseen to Defendants, yet Defendants failed to exercise ordinary care and diligence to protect invitees and licensees from the known peril prior to Plaintiff Wendy Foote sustaining the injuries referenced herein.

30.

At the time of Plaintiff Wendy Foote's fall, the Defendants failed to warn Plaintiff Wendy Foote of the wet and slippery substance on the floor in the subject area.

31.

As a result of the subject incident and the dangerous condition of the floor at the Subject Premises, Plaintiff Wendy Foote sustained a proximal hamstring avulsion, which included three torn hamstring tendons in her left leg.

32.

As a proximate result of the subject incident and the dangerous condition of the floor at the Subject Premises, Plaintiff Wendy Foote sustained significant bodily injuries that required medical treatment.

33.

As a proximate result of the subject incident and the dangerous condition of the floor at the Subject Premises, Plaintiff Wendy Foote endured pain and suffering and suffered emotional distress and trauma.

34.

As a proximate result of the subject incident and the dangerous condition of the floor at the Subject Premises, Plaintiffs sustained economic damages, including but not limited to medical expenses and bills, lost income, and necessary household expenses directly arising from the injuries sustained by Plaintiff Wendy Foote.

8

35.

As a proximate result of the subject incident and the dangerous condition of the floor at the Subject Premises, Plaintiff John Foote sustained a loss of spousal consortium of his wife, Plaintiff Wendy Foote, and the damages related thereto.

**CAUSE OF ACTION – NEGLIGENCE**

36.

Plaintiff repeats and incorporates the allegations contained in Paragraphs 1-35 above, as if set forth verbatim herein pursuant to Fed. R. Civ. P. 10(c).

37.

At all times relevant hereto, Defendants Kana Hotels, Inc., Hilton and/or Embassy Suites Management, LLC either independently or jointly owned, operated and/or controlled the premises known as the Embassy Suites by Hilton Knoxville Downtown Hotel located at or near 507 S. Gay Street, Knoxville, Tennessee 37902 (the "Subject Premises"), including but not limited to the lobby area of the Subject Premises where the subject incident occurred.

38.

At all times relevant hereto, Defendant K Brew, LLC owned and/or operated a coffee shop located in the lobby of the Subject Premises, and conducted business at and around the specific area where the subject incident occurred.

39.

At all times relevant hereto, Defendants Kana Hotels, Inc., Hilton, Embassy Suites Management, LLC and/or K Brew, LLC either independently or jointly were legally responsible for inspecting, managing and/or maintaining the lobby area of the Subject Premises where the subject incident occurred.

40.

Defendants are liable to Plaintiffs for the negligent acts of their agents and employees under the Doctrine of Respondeat Superior.

41.

At all times mentioned herein, Defendants, jointly and/or independently, exercised control and management of the Subject Premises and/or the specific location of the subject incident, and Defendants had the legal duty to exercise ordinary care to keep the premises in a reasonable safe condition consistent with due regard to the safety of its invitees, including Plaintiffs.

42.

On June 26, 2022, Defendants, through their employees/agents, negligently created a hazardous condition on the floor of the Subject Premises and negligently failed to remedy the hazardous condition in a timely manner.

43.

At all times relevant hereto, Defendants and their agents and/or employees negligently failed to inspect, maintain, manage and keep clear of hazards the common areas and approaches of the Subject Premises, including the area where Plaintiff was injured.

44.

At all times relevant hereto, Defendants and their agents and/or employees negligently failed to warn Plaintiff Wendy Foote of the existence of the hazard(s) or to secure the wet and slippery area of the floor from pedestrian traffic.

45.

Defendants were negligent in failing to correct, inspect, repair, remove or warn of the hazardous condition existing at the Subject Premises on June 26, 2022, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff Wendy Foote.

46.

Defendants knew, or in the exercise of reasonable care should have known, of the hazardous condition(s) on the premises, but negligently failed to correct, inspect, repair, remove or warn of such dangerous condition(s), and such negligence by Defendants was a proximate cause of Plaintiffs' injuries and the damages incidental thereto.

47.

Defendants knew of, or in the exercise of ordinary care for the safety of their invitees, including Plaintiff Wendy Foote, should have known, of the hazardous condition(s) existing on the Subject Premises and that the failure to correct, inspect, repair, remove or warn of said condition(s) was likely to have injurious consequences.

48.

Defendants had actual knowledge of the hazardous condition(s) existing on the premises through the direct knowledge of their agents and/or employees.

49.

Defendants had constructive knowledge of the hazardous condition(s) existing on the premises through the direct knowledge of their agents and/or employees.

50.

Defendants had constructive knowledge of the hazardous condition existing on the premises due to the presence of their agents, employees or contractors within the immediate area of the hazardous condition and/or due to the hazardous condition's existence for an unreasonable period of time.

51.

Although the Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to their invitees from such hazardous condition(s) existing at the Subject Premises, they negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect their invitees, including Plaintiff Wendy Foote.

52.

At the time of the subject incident, Plaintiff Wendy Foote was without knowledge of the hazardous condition in the location where she was injured.

53.

At the time of the subject incident, Plaintiff Wendy Foote did not have knowledge equal and/or superior to that of the Defendants regarding the hazard that resulted in her fall.

54.

Defendants negligently maintained the subject premises, and at all times herein mentioned, failed and neglected to correct, inspect, repair, remove or warn of such hazardous condition(s) and to guard against injuries to their invitees, including Plaintiff Wendy Foote, although the hazardous condition(s) had existed for such a length of time that Defendants, their agents, employees and/or contractors knew, or should have known thereof and the likelihood of injuries to pedestrians in the area where the hazardous condition existed.

55.

At all times relevant hereto, Defendants' responsibilities included the proper inspection, maintenance, management and upkeep of the Subject Premises, including the area where Plaintiff Wendy Foote was injured.

56.

At all times relevant hereto, Defendants failed to comply with the applicable industry standards for inspecting and/or maintaining the Subject Premises, thereby creating an unreasonable risk of injury to intended or foreseeable users of the subject area, including Plaintiff Wendy Foote.

57.

At all times relevant hereto, Defendants failed to comply with their own policies, procedures, covenants and/or contractual obligations, thereby creating an unreasonable risk of injury to intended or foreseeable users of the subject area, including Plaintiff Wendy Foote.

58.

Defendants knowingly permitted their invitees and other individuals, including Plaintiffs, to utilize the common areas of the Subject Premises in a dangerous and hazardous condition.

59.

Defendants negligently failed to maintain the Subject Premises, including the specific area of the lobby where Plaintiff was injured, so that it would not be hazardous and dangerous to the foreseeable individuals who were known by Defendants to be engaged in utilizing the premises.

60.

Defendants failed to properly train, regulate and supervise their agents, employees and contractors in connection with the inspection, maintenance, prevention and/or removal of hazardous conditions on the subject premises.

61.

Defendants negligently hired and retained their agents, employees and contractors, and failed to implement and utilize proper procedures to evaluate their skills and expertise.

62.

As a proximate result of Defendants' negligence, Plaintiff Wendy Foote sustained a proximal hamstring avulsion, which included three torn hamstring tendons in her left leg, combined with acute swelling, bleeding and lesions in the surrounding area.

63.

As a proximate result of Defendants' negligence and the resulting injuries sustained, Plaintiff Wendy Foote underwent a complex hamstring repair surgery, in which her torn hamstring tendons were reattached and anchored to her ischial bone.

64.

As a proximate result of Defendants' negligence and the resulting injuries sustained, Plaintiff Wendy Foote was, *inter alia*, unable to move or flex her hamstring in any way, put any weight on her left leg, bathe herself, go to the bathroom by herself, get into a bed, get dressed, prepare meals, go grocery shopping, do laundry, drive a car, run errands, travel, take her children to their activities, attend her children's sporting events, or socially interact with friends outside of her house.

65.

As a proximate result of Defendants' negligence and the resulting injuries sustained, Plaintiff Wendy Foote was forced out of work entirely for three months, and she remains significantly restricted in her ability to perform her job proficiently.

66.

As a proximate result of Defendants' negligence, Plaintiff Wendy Foote has suffered severe bodily injuries and damages.

67.

As a result of the subject incident and the resulting injuries sustained, Plaintiff John Foote sustained a loss of spousal consortium of his wife, Plaintiff Wendy Foote, and the damages related thereto.

68.

The injuries and damages suffered by Plaintiffs are a direct and proximate result of the negligence of the Defendants.

**DAMAGES**

69.

Plaintiff repeats and incorporates the allegations contained in Paragraphs 1-68 above, as if set forth verbatim herein pursuant to Fed. R. Civ. P. 10(c).

70.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Wendy Foote has incurred more than Sixty Thousand Dollars ($60,000.00) in medical expenses to date.

71.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Wendy Foote was unable to work for more than three months, and thus sustained a lost income/wage loss to date in excess of Fifty thousand Dollars ($50,000.00).

72.

As a direct and proximate result of the negligence of the Defendants and the injuries sustained by Plaintiff Wendy Foote, the Plaintiffs were forced to hire a full-time nanny to transport and supervise their children, and tend to other household needs, thus sustaining a financial loss to date of more than Forty Thousand Dollars ($40,000.00).

73.

As a direct and proximate result of the Defendants' negligence, Plaintiffs had to cancel numerous scheduled activities, events and travel plans, which resulted in economic losses of more than $10,000.00.

74.

As a direct and proximate result of the negligence of the Defendants and the injuries sustained by Plaintiff Wendy Foote, Plaintiffs anticipate that they will incur additional medical expenses, lost income and other economic losses in the future.

75.

Plaintiff Wendy Foote is entitled to recover for the ramifications of her injuries, directly and proximately, resulting from the Defendants' negligence, including but not limited to her medical care and treatment to date, the care she will require in the future, her pain and suffering, past, present and future, any and all lost wages, past present and future, her diminished ability to labor, and any and all other damages allowable under the laws of the State of Tennessee.

76.

Plaintiff John Foote is entitled to recover for the loss of spousal consortium resulting from his wife's injuries, which were directly and proximately caused by the Defendants' negligence.

77.

Plaintiffs Wendy Foote and John Foote, independently and/or collectively, are entitled to recover for all economic losses sustained as a proximate result of the Defendants' negligence.

78.

The conduct of Defendants, as alleged herein, was willful, wanton and/or reckless and, as such, Defendants, independently and/or jointly, are liable to Plaintiff for punitive damages in an amount to be determined at trial.

**SPOLIATION OF MATERIAL EVIDENCE**

79.

Plaintiff repeats and incorporates the allegations contained in Paragraphs 1-78 above, as if set forth verbatim herein pursuant to Fed. R. Civ. P. 10(c).

80.

The subject incident occurred at the Subject Premises on June 26, 2022, and agents and/or employees of the Defendants observed the injuries sustained by Plaintiff Wendy Foote at that time.

81.

Agents and/or employees of Defendant Kana Hotels, Inc. conducted an investigation of the subject incident and prepared an incident report at or near the time of the subject incident.

82.

An agent, employee and/or manager of Defendant Kana Hotels, Inc. remained in communication with Plaintiffs in the days following the subject incident and was on actual and constructive notice that Plaintiffs would be making a claim against Defendant Kana Hotels, Inc. for the injuries sustained by Plaintiff Wendy Foote.

83.

By letter dated July 1, 2022, Plaintiffs' counsel advised Defendant Kana Hotels, Inc. of the likelihood of litigation and instructed Defendant Kana Hotels, Inc. to preserve, *inter alia*, all video captured at the Subject Premises on the date of the subject incident.

84.

Defendant Kana Hotels, Inc., through its employee(s) and/or agent(s), received Plaintiff's preservation letter on July 1, 2022.

85.

On or about July 7, 2022, an agent and/or representative of Kana Hotels, Inc. confirmed to Plaintiffs' counsel that surveillance video had captured the subject incident and had shown a K Brew, LLC employee creating the hazardous condition in the location where the subject incident occurred.

86.

On or about July 7, 2022, an agent and/or representative of Kana Hotels, Inc. confirmed that the surveillance video would be preserved.

87.

Despite multiple requests from Plaintiffs' counsel, Defendant Kana Hotels, Inc. refused to share the video of the subject incident with Plaintiffs.

88.

For the first time, on March 16, 2023, an agent and/or representative of Kana Hotels, Inc. represented to Plaintiffs' counsel that "the fall was out of camera view" and "[t]he only photographs we have is KBrew employee carrying the wet floor sign and Ms. Foote getting off the elevator."

89.

On this information, it is Plaintiffs' understanding and belief that Defendant Kana Hotels, Inc. intentionally destroyed and/or concealed material evidence of the subject incident for the purpose of wrongfully evading liability.

90.

In the event a jury determines that Defendant Kana Hotels, Inc. intentionally destroyed and/or concealed material evidence of the subject incident for the purpose of wrongfully evading liability, any limitation on non-economic damages and punitive damages imposed by Tenn Code. Ann § 29-39-102 shall not apply in the present case.

WHEREFORE, Plaintiffs prays that:

a) Process issue as provided by law;

b) Plaintiffs be awarded actual, special and/or economic damages from Defendants in an amount to be shown at trial;

c) Plaintiffs be awarded general and/or non-economic damages from Defendants in accordance with the enlightened conscience of an impartial jury;

d) That Plaintiff be awarded total compensatory damages in the amount of One Million Dollars ($1,000,000.00);

e) Plaintiffs be awarded punitive damages from Defendants in an amount to be determined by the jury;

f) Plaintiffs be awarded post-judgment interest and costs;

g) Plaintiffs have a trial by jury; and

h) Plaintiffs be awarded such other and further relief as this Court deems just and proper, as permitted under Georgia law.

Respectfully submitted:

_s\Clint Woodfin_____
Clint J. Woodfin – 016346
*Attorney for Plaintiffs*
Spicer Rudstrom, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN  37929
Tel.: (865) 673-8516 (x 1007)
Fax: (865) 673-8972
Email: cwoodfin@spicerfirm.com